1  Stephanie Berman Schneider, Esq. - SBN 168519
   BERMAN BERMAN BERMAN
2  SCHNEIDER & LOWARY, LLP
   11900 West Olympic Blvd., Suite 600
3  Los Angeles, California 90064-1151
   Telephone: (310) 447-9000
4  Facsimile: (310) 447-9011
   E-Mail: sjschneider@b3law.com
5  Legal Assistant: Sherree Silva – ssilva@b3law.com

6  Attorneys for A B RECOVERY

7

8               UNITED STATES DISTRICT COURT

9            FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11 | JUSTIN LOUK,                        ) | CASE NO: 8:25-cv-02155-DOC-KES
12 |          Plaintiff,                 ) | [Assigned to Hon. David O. Carter and Hon. Karen E. Scott]
13 | vs.                                 ) | **ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**
14 | CAPITAL ONE AUTO FINANCE, a         ) |
   | division of CAPITAL ONE,            ) | Complaint Filed: 10/07/2025
15 | NATIONAL ACCOCIATIONL               ) |
   | MVCONNECT, INC.; A B                ) |
16 | RECOVERY; and DOES 1 through        ) |
   | 10, inclusive,                      ) |
17 |                                     ) |
   |          Defendants.                ) |
18

19

20     Defendant A B RECOVERY ("Defendant" or "A B Recovery"), for itself alone,

21 submits this Answer to the Complaint of Plaintiff JUSTIN LOUK ("Plaintiff"):

22                    **JURISDICTION AND VENUE**

23     1.  Defendant denies the allegations in paragraph 1.

24     2.  Defendant denies the allegations in paragraph 2.

25 ///

26 ///

27 ///

28 ///

## PARTIES

3. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 3 of Plaintiff's Complaint, and therefore denies same.

4. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 4 of Plaintiff's Complaint, and therefore denies same.

5. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 5 of Plaintiff's Complaint, and therefore denies same.

6. Defendant admits the allegations in paragraph 6.

7. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 7 of Plaintiff's Complaint, and therefore denies same.

## OPERATIVE FACTS

8. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 8 of Plaintiff's Complaint, and therefore denies same.

9. Defendant denies the allegation that the repossession was "a crime." With regard to the remaining allegations, sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 9 of Plaintiff's Complaint, and therefore denies same.

10. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 10 of Plaintiff's Complaint, and therefore denies same.

///
///

11. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 11 of Plaintiff's Complaint, and therefore denies same.

12. Defendant denies the allegations in paragraph 12.

## FIRST CLAIM FOR RELIEF
## (VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT)
### (Against MVC. AB Recovery, and the Doe Defendants)

13. In response to paragraph 13 of Plaintiff's Complaint, Defendant hereby reasserts its responses set forth in the foregoing paragraphs 1-12 of this answer as though the same were fully set forth herein.

14. Defendant admits that paragraph 14 sets forth verbatim specific language contained in 15 U.SC. Section 1692.

15. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 15 of Plaintiff's Complaint, and therefore denies same.

16. Defendant denies the allegations in paragraph 16.

17. Defendant denies the allegations in paragraph 17.

18. Defendant denies the allegations in paragraph 18.

19. Defendant denies the allegations in paragraph 19.

20. Defendant denies the allegations in paragraph 20.

21. Defendant denies the allegations in paragraph 21.

///
///
///
///
///
///
///

## SECOND CLAIM FOR RELIEF

## (VIOLATIONS OF CALIFORNIA'S ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT)

### (Against MVC, A B Recovery, and the Doe Defendants)

22. In response to paragraph 22 of Plaintiff's Complaint, Defendant hereby reasserts its responses set forth in the foregoing paragraphs 1-21 of this answer as though the same were fully set forth herein.

23. Defendant admits that paragraph 23 sets forth verbatim specific language contained in California Civil Code Section 1788.1.

24. Defendant admits that paragraph 24 sets forth verbatim specific language contained in California Civil Code Section 1788.2.

25. Defendant denies the allegations in paragraph 25.

26. Defendant denies the allegations in paragraph 26.

27. Defendant denies the allegations in paragraph 27.

28. Defendant denies the allegations in paragraph 28.

29. Defendant denies the allegations in paragraph 29.

30. Defendant denies the allegations in paragraph 30.


## FIFTH CLAIM FOR RELIEF

## (CONVERSION)

### (Against All Defendants)

31. In response to paragraph 41 of Plaintiff's Complaint, Defendant hereby reasserts its responses set forth in the foregoing paragraphs 1-30 of this answer as though the same were fully set forth herein.

32. Defendant denies the allegations in paragraph 42.

33. Defendant denies the allegations in paragraph 43.

34. Defendant denies the allegations in paragraph 44.

35. Defendant denies the allegations in paragraph 45.

# SIXTH CLAIM FOR RELIEF

## DECLARATORY AND INJUNCTIVE RELIEF

### (Against All Defendants)

36. In response to paragraph 46 of Plaintiff's Complaint, Defendant hereby reasserts its responses set forth in the foregoing paragraphs 1-35 of this answer as though the same were fully set forth herein.

37. Defendant denies the allegation that the repossession was "completed in breach of the peace." With regard to the remaining allegations, sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 47 of Plaintiff's Complaint, and therefore denies same.

38. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 48 of Plaintiff's Complaint, and therefore denies same.

39. Defendant denies the allegations in paragraph 49.

## FOR AN AFFIRMATIVE DEFENSE, DEFENDANT IS INFORMED AND BELIEVES AND BASED THEREON ALLEGES:

40. Neither the Complaint nor any cause of action thereof states facts sufficient to constitute a cause of action against this answering Defendant, most notably given the decision by the Ninth Circuit Court of Appeals in *Barnes v. Routh Crabtree Olsen PC*, No. 16-35418. (9th Cir. 2020)

## FOR A FURTHER AFFIRMATIVE DEFENSE, DEFENDANT IS INFORMED AND BELIEVES AND BASED THEREON ALLEGES:

41. The Complaint is barred as against this answering Defendant by the statutes of limitation, including, but not limited to, 15 U.S.C. section 1692k(d), California Civil Code Sections 1783 and 1788.30(f), and California Code of Civil Procedure Sections 335.1, 338, 340 and 343.

///

///

**FOR A FURTHER AFFIRMATIVE DEFENSE, DEFENDANT IS INFORMED AND BELIEVES AND BASED THEREON ALLEGES**:

42. If Plaintiff suffered any damages, which this answering Defendant specifically denies, said damages were the proximate result of the sole actions of persons and/or entities over whom this Defendant had no control, and any recovery against this answering Defendant must be barred or reduced in proportion to the amount of fault attributable to said persons and/or entities.

**FOR A FURTHER AFFIRMATIVE DEFENSE, DEFENDANT IS INFORMED AND BELIEVES AND BASED THEREON ALLEGES:**

43. Plaintiff's Complaint is barred under the equitable doctrine of Laches.

**FOR A FURTHER AFFIRMATIVE DEFENSE, DEFENDANT IS INFORMED AND BELIEVES AND BASED THEREON ALLEGES:**

44. Plaintiff's Complaint is barred under the doctrine of Unclean Hands.

**FOR A FURTHER AFFIRMATIVE DEFENSE, DEFENDANT IS INFORMED AND BELIEVES AND BASED THEREON ALLEGES:**

45. That Plaintiff, by his actions, has waived the right, if any, to seek the relief requested in the Complaint.

**FOR A FURTHER AFFIRMATIVE DEFENSE, DEFENDANT IS INFORMED AND BELIEVES AND BASED THEREON ALLEGES:**

46. That Plaintiff failed to mitigate his damages, if any, in that he failed to use reasonable diligence in caring for his injuries and reasonable means to prevent aggravation of said injuries.

**FOR A FURTHER AFFIRMATIVE DEFENSE, DEFENDANT IS INFORMED AND BELIEVES AND BASED THEREON ALLEGES:**

47. The purported violations of the federal and state Fair Debt Collections Practices Act were not intentional and resulted from a bona fide error, despite the maintenance of procedures reasonably adopted to avoid any such violation(s).

**FOR A FURTHER AFFIRMATIVE DEFENSE, DEFENDANT IS INFORMED AND BELIEVES AND BASED THEREON ALLEGES:**

48. Defendant cured any purported violations of the Fair Debt Collection Practices Act within the time permitted under Cal. Civil Code Section 1788.30(d).

**FOR A FURTHER AFFIRMATIVE DEFENSE, DEFENDANT IS INFORMED AND BELIEVES AND BASED THEREON ALLEGES:**

49. At all relevant times, Defendant maintained reasonable procedures to ensure compliance with the California Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788 et seq. ("Rosenthal Act").

**FOR A FURTHER AFFIRMATIVE DEFENSE, DEFENDANT IS INFORMED AND BELIEVES AND BASED THEREON ALLEGES:**

50. Defendant has complied with the Rosenthal Act pleaded in the Complaint, and Defendant is entitled to each and every defense stated therein and any and all limitations of liability.

**FOR A FURTHER AFFIRMATIVE DEFENSE, DEFENDANT IS INFORMED AND BELIEVES AND BASED THEREON ALLEGES:**

51. Plaintiff's claims are barred, in whole or in part, because any alleged wrongful conduct on the part of Defendant, which is assumed only for the purpose of this affirmative defense, was unintentional and resulted from a bona fide error.

**FOR A FURTHER AFFIRMATIVE DEFENSE, DEFENDANT IS INFORMED AND BELIEVES AND BASED THEREON ALLEGES:**

52. Defendant alleges that it has appropriately, completely, and fully performed and discharged any and all obligations and legal duties, if any, arising out of the matters alleged in the Complaint.

**FOR A FURTHER AFFIRMATIVE DEFENSE, DEFENDANT IS INFORMED AND BELIEVES AND BASED THEREON ALLEGES:**

53. Plaintiff's entire action and the relief sought therein are barred because the damages he seeks in this action are entirely speculative.

**FOR A FURTHER AFFIRMATIVE DEFENSE, DEFENDANT IS INFORMED AND BELIEVES AND BASED THEREON ALLEGES:**

54. Defendant alleges that any of Defendant's conduct, actions and/or omissions as alleged by Plaintiff fails to meet the definitional standards of "malice," "oppression, "and/or "fraud" pursuant to Section 3294 of the California Civil Code, to justify an award of punitive and/or exemplary damages. Further, Defendant alleges that Plaintiff's Complaint fails to meet a clear and convincing burden of proof to justify an award of punitive and/or exemplary damages against this Defendant, as required by Section 3294, to justify an award of punitive and/or exemplary damages. Further, Defendant alleges that Plaintiff's Complaint fails to meet a clear and convincing burden of proof to justify an award of punitive and/or exemplary damages against this Defendant, as required by Section 3294 of the California Civil Code, and applicable Federal Law and decisional authority.

**FOR A FURTHER AFFIRMATIVE DEFENSE, DEFENDANT IS INFORMED AND BELIEVES AND BASED THEREON ALLEGES:**

55. Defendant alleges that it may have other, separate, and additional defenses of which they are not presently aware, and hereby reserve the right to assert them by amendment to this answer when discovery is complete.

DATED: December 10, 2025

BERMAN BERMAN BERMAN SCHNEIDER & LOWARY, LLP

By: _____
STEPHANIE BERMAN SCHNEIDER, ESQ.
Attorneys for A B RECOVERY

## DEMAND FOR JURY TRIAL

Defendant A B RECOVERY, hereby demands a trial by jury in the above entitled action.

DATED: December 10, 2025

BERMAN BERMAN BERMAN
SCHNEIDER & LOWARY, LLP

By: _____
STEPHANIE BERMAN SCHNEIDER, ESQ.
Attorneys for A B RECOVERY

# PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         ) ss.
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 11900 West Olympic Boulevard, Suite 600, Los Angeles, California 90064.

On December 10, 2025, I served the foregoing document described as "**ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**" on the interested parties in this action by placing a [X] true copy thereof [] the original document enclosed in a sealed envelope addressed as follows:

## [SEE ATTACHED SERVICE LIST]

___ **(BY MAIL)** In accordance with the regular mail collection and processing practices of this business office, with which I am familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope for collection and mailing on this same date following ordinary business practices.

_X_ **(BY ELECTRONIC MAIL)** Based on Berman, Berman, Berman, Schneider & Lowary, LLP's electronic service policy, I sent the above document(s) to the person(s) at the electronic address(es) noted in the attached service list from my electronic service address which is ssilva@b3law.com. Pursuant to Code of Civil Procedure §1010.6(c)(1) all parties shall accept electronic service of documents that would normally be served by mail, overnight delivery or facsimile.

___ **(BY OVERNIGHT MAIL)**
___ I caused such envelope to be delivered by hand to the office of the addressee, either by overnight delivery via Federal Express or Overnite Express.

___ **(BY PERSONAL SERVICE)**
___ By personally delivering copies to the person served.
___ I delivered such envelope by hand to the office of the addressee pursuant to C.C.P. Section 1011.
___ I caused such envelope to be delivered by hand to the office of the addressee, by local courier service.
___ I caused such envelope to be delivered to the office of the addressee, by telecopier or facsimile machine. Proof of such delivery is attached hereto.

STATE

X   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 10, 2025, at Los Angeles, California.

SHERREE SILVA
Name                                              Signature

## Mailing List

*Justin Louk vs. Capital One Auto Finance, et. al.*
Central District Court of California, Case No: 8:25-cv-02155-DOC-KES

Brandon A. Block, Esq.
LAW OFFICES OF BRANDON A. BLOCK, APC
9440 Santa Monica Boulevard, Suite 301
Beverly Hills, CA 90210
Telephone: 424-600-9454
Facsimile: 424-600-9631
Email: brandon@bblocklaw.com
**Attorneys for Plaintiff
JUSTIN LOUK**

X. Diego Wu Min, Esq.
KILPATRICK TOWNSEND & STOCKTON LLP
12255 El Camino Real, Suite 250
San Diego, CA 92130
Telephone: 858 350 6154
Facsimile: 858 350 6111
Email: dwu@ktslaw.com
**Attorneys for Defendant
CAPITAL ONE AUTO FINANCE**